STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeals of Joseph O=      }
Donnell and Barbara O= Donnell   }
                       }  Docket Nos. 50-2-00 Vtec and
                       }  199-9-00 Vtec
                       }
                       }

Decision and Order on Appellants= Motion for Summary Judgment

Appellants Joseph and Barbara O= Donnell appealed in Docket No. 50-2-00 Vtec from a decision of the Planning Commission of the Town of Peru, granting site plan approval to Applicants Nicholas Rostow, L&W Construction, and Walter Williams for a gravel pit. Appellants appealed in Docket No. 199-9-00 Vtec from a decision of the Zoning Board of Adjustment (ZBA) denying their appeal of the Zoning Administrator= s grant of a zoning permit to Applicants Eugene Rostow (as landowner) and Walter Williams (as applicant) for the same gravel pit. As of Appellants= filing of January 22, 2001, Kevin and Cynthia Brocks also appear on Appellants= documents as parties appellant, although the Court finds no motion in the file to intervene or add them as parties. Appellants are represented by A. Jay Kenlan, Esq. Walter (A Tink@ ) and Donna Williams are represented by John M. Ruggiero, Esq.; the Town is represented by Robert E. Woolmington, Esq. No appearance was ever entered in either appeal on behalf of either Mr. Nicholas Rostow or Mr. Eugene Rostow. (A courtesy copy of this decision is being sent to Jean B. Giddings, Esq., who has not entered an appearance but who represents Eugene Rostow on other matters.)

In the course of the pretrial proceedings on these appeals, the Applicants appear to have determined that certain deed covenants might prevent the operation of a gravel pit regardless of any determination of the zoning permit and site plan approval on appeal to this Court. The Applicants have stipulated to withdraw both applications for the approvals on appeal. The Court was prepared to vacate the approvals on appeal; but Appellants seek a decision instead on the merits of the applications. They argue that they have a right to de novo review in these appeals and seek a decision on the merits to prevent the revival or resubmittal of these applications in the future.

The Town suggests that these matters are moot now that the applications have been withdrawn. Appellants argue that mootness does not apply because they have a right to de novo review, citing an Act 250 case: In re Green Peak Estates, 154 Vt. 363, 372 (1990). In that case, the appellant, which was also the permit applicant, appealed the District Commission= s denial of a permit under one Act 250 criterion, and also appealed the District Commission= s imposition of certain conditions under other criteria. In the appeal to the Environmental Board, the applicant then sought to withdraw its appeal of the conditions, after the time had run within which other parties could have appealed that aspect of the case. The Environmental Board denied the applicant= s request to dismiss only that portion of the appeal. For three reasons, the Green Peak Estates decision is inapplicable. First, in that case the applicant was also the appellant, and was seeking to control the scope of the appeal. Second, unlike zoning appeals, the Environmental Board relied upon the fact that no cross-appeal was required to be filed, so that the other participating parties would have been deprived of the ability to raise issues that they might have appealed in the absence of Green Peak Estates= having filed the appeal on those issues. Most importantly, in Green Peak Estates the applicant was not asking to withdraw the underlying permit application and vacate the already-approved permits. Rather, it was seeking to limit the issues open to the de novo appeal, while preserving the aspects of the application which had already been approved.

In the present case, Applicants have withdrawn their applications and have abandoned their proposal to develop a gravel pit on the Rostow property. It is an applicant= s prerogative to abandon a project, as long as that applicant also abandons any approvals already obtained for the project, and those approvals are vacated by the Court. Once the approvals are vacated, there is no case or controversy in which the Court can adjudicate whether the proposed project would have, should have or could have been approved. Any pronouncements to that effect would constitute an impermissible advisory opinion on the part of the Court. In the present appeals, the applications have been withdrawn, the approvals for the formerly-proposed project are or should be vacated, the appeals of those approvals have become moot, and therefore the appeals must be dismissed as moot.

Accordingly, based on the foregoing, Appellants= motion for summary judgment on the merits of the gravel pit application is DENIED. Based on the Applicants= withdrawal of the applications, the approvals appealed from in docket numbers 50-2-00 Vtec and 199-9-00 Vtec are hereby VACATED, and the underlying applications are dismissed with prejudice, concluding these appeals as moot. The two above-captioned appeals are therefore DISMISSED as MOOT. Any future application for the use of the property at issue in these appeals must be made on its own merits and under the Zoning Regulations in effect at such future time. This dismissal does not affect the rights of Appellants to participate in or appeal from any such future applications.

Done at Barre, Vermont, this 20th day of April, 2001.


_____
Merideth Wright
Environmental Judge